UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SUSAN BABIN

VERSUS                                              CIVIL ACTION

MICHAEL J. ASTRUE,                                  NUMBER 08-64-JJB-SCR
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, December 18, 2008.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SUSAN BABIN

VERSUS                                          CIVIL ACTION

MICHAEL J. ASTRUE,                              NUMBER 08-64-JJB-SCR
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

**MAGISTRATE JUDGE'S REPORT**

This case is before the court on an order for the plaintiff to show cause why the complaint should not be dismissed for failure to serve the defendant. Record document number 5. No response has been filed.

Under Rule 4(i)(1) and (2), Fed.R.Civ.P., to serve an agency of the United States a party must take the following actions: (1) send a copy of the summons and complaint by registered or certified mail to the federal agency; (2) serve the United States Attorney for the district where the action is brought, either by delivery or by mail (registered or certified), and (3) send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States in Washington, D.C.

The time limit for service of process under Rule 4(m) is 120 days. If a defendant is not served within 120 days after the complaint is filed, the court, on a motion or on its own after

notice to the plaintiff, must dismiss the action without prejudice or order that service be made within a specified time.  If the plaintiff shows good cause for the failure to serve the defendant, the court must extend the time for service for an appropriate period.  Without a showing of good cause, the court may exercise its discretion to extend the period for the plaintiff to carry out service of process.[1]  *Thompson v. Brown*, 91 F.3d 20 (5th Cir. 1996); *Henderson v. U.S.*, 517 U.S. 654, 116 S.Ct. 1638 (1996).

The record establishes that the defendant has not filed an answer or made an appearance, and that the plaintiff has failed to served the Commissioner according to the requirements of Rules 4(i)(1) and (2) and 4(m).  Plaintiff also did not respond to this show cause order, or otherwise come forward with any information to establish good cause for the failure to serve or to extend the time to serve the defendant.

Notwithstanding these facts, the court may exercise its discretion to extend the time for service.  Plaintiff filed her complaint approximately 11 months ago, and one month later was granted permission to proceed in forma pauperis.  Since that time the record establishes that the plaintiff has not taken any action

---

[1] "[W]hen a district court entertains a motion to extend time for service, it *must* first determine whether good cause exists. If good cause is present, the district court must extend time for service. If good cause does not exist, the court *may*, in its discretion, decide whether to dismiss the case without prejudice or extend time for service." *Thompson*, 91 F.3d at 21.

to serve the defendant or prosecute her complaint for judicial review.[2] There is no indication that the plaintiff took any of the actions necessary for the United States Marshall to complete service. Based on these facts and the plaintiff's lack of response to the show cause order, the only reasonable conclusion is that the plaintiff does not intend to pursue this action. In these circumstances there is no basis for the court to exercise its discretion and give the plaintiff additional time to properly serve the Commissioner.

### Recommendation

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed without prejudice for failure to serve the defendant pursuant to Rule 4(m), Fed.R.Civ.P.

Baton Rouge, Louisiana, December 18, 2008.

_/s/ Stephen C. Riedlinger_
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[2] Record document number 4.